■ ROBERT H. BRITTON, Appellant, v DORMAN & WILSON, INC., et al., Respondents.—In an action *inter alia* on a stock purchase agreement, plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated May 12, 1975, as denied his cross motion for summary judgment and (2) from so much of an interlocutory judgment of the same court, entered July 18, 1975, as, upon the granting of plaintiff's motion for reargument, denied the branch of his cross motion which sought partial summary judgment as to the first cause of action asserted in the complaint. Appeal from the order dismissed as academic, without costs or disbursements. The portion of the order sought to be reviewed was superseded by the interlocutory judgment entered upon the granting of the motion for reargument. Interlocutory judgment reversed insofar as appealed from, on the law, without costs or disbursements, and the branch of plaintiff's motion which was for partial summary judgment as to the first cause of action is granted, and plaintiff is awarded the amount of $69,720, plus interest from September 15, 1974 on that cause of action. Action remanded to Special Term for the entry of an appropriate amended interlocutory judgment and for further proceedings not inconsistent herewith. The stock repurchase agreement, prepared by defendant Dorman & Wilson, Inc., required it to purchase the stock of one whose employment is terminated at a price per share "determined by dividing the total number of shares of the Company, issued and outstanding, into an amount equal to 3.75 times the gross annual fees for servicing mortgages for the Company's last full fiscal year". Defendant Dorman & Wilson, Inc., is the owner of 4,167 of the issued 10,000 shares; the balance of 5,833 shares is held by individual shareholders. That corporation claims that the 4,167 shares are

"issued and outstanding" (so that, in the computation, the product should be divided by 10,000 and not by 5,833), despite the fact that the 4,167 shares are listed on its books as "treasury stock". Subdivision 14 of section 102 of the Business Corporation Law defines "Treasury shares" as "issued shares, *but not outstanding shares"* (emphasis supplied). If there was an ambiguity in the agreement, it would be decided against Dorman & Wilson, Inc. But, indeed, we see no ambiguity. The course and conduct of the parties does not reveal an intent to define treasury shares in a manner inconsistent with the statutory definition. Defendants' interpretation would impermissibly *contradict* (as distinguished from "explain" or "supplement") (see Uniform Commercial Code, § 2-202) the written agreement and would do violence to the parol evidence rule. The divisor should therefore be 5,833 and not 10,000. Applying the formula to that part of the service fees which is conceded yields the sum of $69,720, for which amount partial summary judgment is granted. The remaining issues are for trial. Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.